Constance Ann MAYNARD, Plaintiff—Appellant,

v.

CNA GROUP LIFE ASSURANCE COMPANY, an Illinois Corporation; Continental Casualty Company, an Illinois Corporation; Hewitt Associates, LLC, an Illinois Limited Liability Company; and Hewitt Long Term Disability Plan, Defendants—Appellees.

No. 06–15296.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Decided March 20, 2008.

Stuart H. Sandhaus, Esq., Stuart H. Sandhaus, A.P.C., San Juan Capistrano, CA, David F. Gomez, Esq., Michael J. Petitti, Gomez and Petitti, P.C., Phoenix, AZ, for Plaintiff–Appellant.

Jay A. Zweig, Mark A. Fuller, Jeffrey B. Kuykendal, Esq., Gallagher & Kennedy, PA, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER, BERZON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Appellant Constance Maynard (Maynard) appeals the grant of summary judgment in favor of Appellees CNA Group Life Assurance Company, Continental Casualty Company, Hewitt Associates, LLC, and the Hewitt Long Term Disability Plan (collectively CNA).

■ The district court erred in granting summary judgment to CNA on the issue of which policy controlled. *See E. & J. Gallo Winery v. EnCana Corp.*, 503 F.3d 1027, 1033 (9th Cir.2007) ("Summary judgment is appropriate only where ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.") (citation and internal quotation marks omitted). A material issue of fact exists as to the date the second policy was adopted. *Grosz–Salomon v. Paul Revere Life Insurance Co.*, 237 F.3d 1154 (9th Cir.2001), could control only if the second policy was adopted prior to the date Maynard's benefits were denied. *See id.* at 1160–61. The second policy's effective date is irrelevant unless the policy was adopted prior to the denial of Maynard's claim.

■ Although there was evidence in the record as to when the second policy was effective, there was no evidence in the record as to when the policy was adopted. Given this material issue of fact, the district court abused its discretion when it denied Maynard's request for additional discovery under Federal Rule of Civil Procedure 56(f). *See Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001) (providing that a court abuses its discretion in refusing further discovery un-

der Rule 56(f) when "the movant can show how allowing additional discovery would have precluded summary judgment" and the movant has diligently pursued previous discovery opportunities, as Maynard has here) (citation omitted). On remand, the district court should permit that discovery and should then resolve anew the issue of which policy controls including whether CNA's extensive reliance on the first policy throughout the claim process precluded CNA's later reliance on the second policy during this litigation. *See Shane v. Albertson's, Inc.*, 504 F.3d 1166, 1169 (9th Cir. 2007).

■ Even if the second policy controlled, remand would still be necessary. As part of the district court's summary judgment ruling, it erroneously concluded that "[i]n abuse of discretion cases, evidence outside the administrative record is completely inadmissible." However, under *Abatie v. Alta Health and Life Insurance Company*, 458 F.3d 955 (9th Cir.2006) (en banc), "[t]he district court may in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision making process of any conflict of interest." *Id.* at 970. Accordingly, remand is required to allow the district court to apply *Abatie* if it determines that the second policy controls.

Appellant's request for attorney's fees is premature. *See* 9th Cir. R. 39–1.6.

**REVERSED AND REMANDED** for further proceedings consistent with this disposition.

B. FLETCHER, Circuit Judge, concurring:

I agree that this case must be remanded for further proceedings, including discov-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ery to determine the date of adoption of the second policy. I write separately because the majority opinion could be read to imply that—absent estoppel—the second policy will control if it was adopted prior to the date on which CNA denied Maynard's claim. Our caselaw makes clear, however, that the first policy would apply if (1) by its own terms, Maynard's rights had vested before CNA denied her claim, or (2) the second policy directed the administrator to apply the first policy. *Shane v. Albertson's Inc.*, 504 F.3d 1166, 1169 (9th Cir. 2007) (noting that both the original and amended policies directed the administrator to apply the policy in effect on the date of disability). On remand, the district court after discovery will be in a better position to interpret the language of both policies to determine whether Maynard's rights had vested under the first policy or whether the second policy directed the plan administrator to apply the first policy where, as here, the claimant was not actively at work on the effective date of the second policy.